**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2273-17T3

VINOO VERASAWMI,

     Petitioner-Appellant,

v.

VINO'S KITCHEN
RENOVATION, LLC,

     Respondent-Respondent.

_____

          Argued March 5, 2019 – Decided April 23, 2019

          Before Judges Yannotti and Rothstadt.

          On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2013-017956.

          Steven P. Lombardi argued the cause for appellant.

          Kristin A. Deleppo argued the cause for respondent (Lenahan & Rockwell, PA, attorneys; Kristin A. Deleppo, on the brief).

PER CURIAM

Petitioner Vinoo Verasawmi appeals from an order entered on December 13, 2017 by the Division of Workers' Compensation (Division), which dismissed his claim petition. The judge of compensation found that Verasawmi's injuries were not compensable under the Workers' Compensation Act (the Act), N.J.S.A. 34:15-1 to -69.3, because he sustained the injuries in an accident that did not occur in the course of employment. We affirm.

On July 11, 2013, Verasawmi filed a petition with the Division seeking benefits under the Act for injuries he sustained in a motor vehicle accident that occurred on April 24, 2012. The worker's compensation carrier for Verasawmi's employer, respondent Vino's Kitchen Renovation, LLC (VKR), thereafter filed a motion to dismiss the petition, and argued that Verasawmi did not sustain the injuries during the course of his employment. The judge of compensation conducted an evidentiary hearing on the motion.

At the hearing, Verasawmi testified that at the time of the accident, he was the sole proprietor of VKR, a company that manufactured custom kitchen cabinets for residential and commercial customers. Verasawmi was employed by VKR, and he was the primary designer, planner, salesperson, and manager of the business, which had a cabinet-making shop in Middlesex. The company had two other employees.

A-2273-17T3

Verasawmi's business required him to travel to meet customers and visit construction sites. At the time of the accident, Verasawmi owned a Porsche Cayenne, which was registered in his own name. He used the Porsche to travel to and from job sites and customer meetings. He also used the car for personal travel. He testified that he purchased the Porsche to impress prospective wealthy customers.

On April 24, 2012, Verasawmi left his home at around 6:45 a.m. and drove to his shop in Middlesex. Thereafter, he drove to a construction site in Peapack, where VKR was engaged in the installation of kitchen cabinets. He testified that he picked up some architectural drawings and then started to drive back to the shop.

On the way, Verasawmi observed a red warning light on the dashboard of his car. He explained that when the warning light on the car is activated, a verbal warning, indicating the need for service, repeats about every twenty minutes. In light of these warnings, Verasawmi believed a qualified technician should examine the car immediately.

He drove to the shop, dropped off the drawings, and then drove to an auto dealership in Edison, arriving there at about 10:00 a.m. An employee of the dealership told him to leave the vehicle. Verasawmi rented a replacement

A-2273-17T3

vehicle to use while the Porsche was being serviced. Verasawmi testified that he needed the replacement vehicle because he had other appointments throughout the day, and had to meet with customers.

He then left the dealership in the replacement vehicle to return to the shop in Middlesex. As he was driving north on Route 287, he was involved in an accident with a tractor-trailer. Verasawmi claimed he was permanently injured in the accident, and due to the orthopedic and neurological injuries he sustained, he was no longer able to operate his business.

After hearing the testimony and arguments of counsel, the judge placed a decision on the record. The judge noted that Verasawmi had claimed as the employer, he directed himself to take the Porsche to the dealership for servicing. He said the employer's direction made his trip to and from the dealership part of his job responsibilities. The judge observed that at the time of the accident, Verasawmi was not on his way to another job site. He was returning to his primary place of employment.

The judge found that at the time of the accident, petitioner was not in the course of his employment. The judge stated that "[t]he routine minor maintenance on [petitioner's] personal vehicle did not constitute a direct benefit to his employer. The fact that [petitioner] was his own employer does not

change the result as the petitioner cannot retroactively decide what his job duties were." The judge stated that in the typical employer-employee relationship, a non-emergent repair to a personal vehicle "would not be considered to have occurred in the course of employment." The judge found that Verasawmi may not "unilaterally deviate from the normal and customary duties of his employment simply by being his own boss."

The judge also stated that he had concerns about the credibility of Verasawmi's "testimony that he directed himself to take his car to the dealership." The judge noted that Verasawmi initially claimed he was on the way to a job site when the accident occurred, but he took a contrary position in his lawsuit against the owner and operator of the tractor-trailer involved in the collision. In that case, Verasawmi conceded he had been returning to his shop when the accident occurred.

The judge found that Verasawmi's injuries were not compensable because he was not in the direct performance of his job duties at the time of the accident. The judge stated that "petitioner's actions in taking his personal car to the dealer [were] personal in nature, as he would have had to undertake this repair whether he was working for [VKR] or not." The judge memorialized his decision in an order dated December 13, 2017. This appeal followed.

On appeal, Verasawmi argues: (1) he is entitled to workers' compensation benefits because he was in the course of his employment at the time of the accident; (2) he was not engaged in a purely personal activity at the time of the accident; (3) the use of the replacement vehicle provided a palpable benefit to his employer, which favors compensability under the "dual purpose rule;" and (4) because the risk associated with the accident was a "neutral risk," his injuries are compensable.

We note initially that the standard of review that applies to appeals from the Division is well established. We must defer to the compensation judge's findings of fact if they "could reasonably have been reached on sufficient credible evidence present in the record." Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). The judge's findings of fact and conclusions of law should not be disturbed unless they are "manifestly unsupported by or inconsistent with competent, relevant and reasonably credible evidence as to offend the interests of justice." Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

The Act requires employers to compensate employees for accidental injuries "arising out of and in the course of employment." N.J.S.A. 34:15-7. To

be compensable, the employee's injuries must both arise out of and occur in the "course of employment." Coleman v. Cycle Transformer Corp., 105 N.J. 285, 288-89 (1986). An injury arises out of employment if it is more probable than not that "the injury would have occurred during the time and place of employment rather than elsewhere." Id. at 290-91 (citing Howard v. Harwood's Restaurant Co., 25 N.J. 72, 83 (1957)).

In making this determination, the judge must consider "the nature of the risk that causes injury to the employee." Id. at 291. There are three types of risks that may cause injuries to employees. See id. at 291-92. First, there are risks that are "distinctly associated" with the worker's employment. Id. at 291. Second, there are "neutral" risks. Ibid. Third, there are risks that are "personal" to the employee. Id. at 292. The first two types of risks are compensable; the third is not. Ibid.

Furthermore, in determining whether an injury occurred in the "course of employment," the judge must consider the "time, place and circumstances under which the accident takes place." Id. at 289 (quoting Rafferty v. Dairymen's League Coop. Ass'n, 16 N.J. Misc. 363, 366 (Dep't of Labor, Workmen's Comp. Bureau 1938)). In general, "employment" begins when the employee "arrives at the employer's place of employment to report for work" and ends "when the

employee leaves the employer's place of employment, excluding areas not under the control of the employer[.]" Jumpp v. City of Ventnor, 177 N.J. 470, 476 (2003) (quoting N.J.S.A. 34:15-36).

The Act recognizes that not all work accidents occur at the employee's regular workplace. Ibid. However, in Jumpp, the Court held that in all cases involving "an employee . . . assigned to work at locations away from 'the employer's place of employment,'" the worker will only be eligible for benefits if "the employee is performing his or her prescribed job duties at the time of the injury." Id. at 482 (quoting N.J.S.A. 34:15-36).

In this case, Verasawmi argues he was in the course of his employment when he was injured. He asserts that since he owned VKR, and was an employee of that company, he had the sole discretion as employer to decide whether he was directly engaged in his prescribed job duties at the time of the accident. We disagree. We are convinced that there is sufficient credible evidence in the record to support the judge's finding that notwithstanding Verasawmi's claim to the contrary, he was engaged in a purely personal endeavor when he took his car to the dealership to be serviced.

A-2273-17T3

As noted, Verasawmi's Porsche was registered in his name. He used the car for business, but he also used the car for personal travel. At the time of the accident, Verasawmi was returning to his shop, which was his regular place of employment. He was not using the replacement vehicle to travel to a construction site or for any specific work-related duty. The record therefore supports the judge's finding that Verasawmi was not in the course of his employment at the time he was injured.

Verasawmi further argues that his injuries are compensable under the so-called "minor deviation" rule. In <u>Secor v. Penn Serv. Garage</u>, 19 N.J. 315, 320-21 (1955), the Court held that injuries sustained during deviations from the actual performance of prescribed work duties are compensable. These deviations are "minor and attributable to normal human tendencies which [individuals] do not wholly shed simply because they are at work." Such deviations include stopping work to smoke, get some fresh air, make a telephone call, or "satisfy other human needs incidental to . . . being at [the] place of employment. <u>Id.</u> at 321.

The "minor deviation" rule does not apply in this case. Here, the judge found that when he brought the car to the dealership for servicing, Verasawmi was engaged in a personal endeavor. The record supports that finding. As the

A-2273-17T3

judge observed, when the accident occurred, Verasawmi was on a personal errand that he would have had to undertake regardless of whether he was working for VKR. His action, which involved traveling from Middlesex to Edison and back, was not a minor deviation from any prescribed work duties.

The decision in <u>Jumpp</u> supports the judge's decision. In that case, the petitioner had been traveling in a work-authorized vehicle to inspect a city pumping station. <u>Jumpp</u>, 177 N.J. at 473-74. On the way to the inspection, the petitioner stopped at a post office to collect his personal mail. <u>Id.</u> at 474. While the petitioner was walking from the post office back to his vehicle, he slipped on a driveway and was injured. <u>Ibid.</u> The Court held that this deviation was not so "minor" as to make the injuries compensable. <u>Id.</u> at 483-84. Here, Verasawmi deviated from his prescribed duties to take his personal vehicle to the dealership for servicing. He travelled from the shop in Middlesex to Edison. This was not a "minor" deviation. The injuries sustained on the return to Middlesex was not compensable.

Verasawmi further argues that he is entitled to benefits because the risk associated with his actions at the time of the accident is a "neutral" risk under <u>Coleman</u>. In <u>Coleman</u>, the Court noted that neutral risks are "uncontrollable circumstances" that "do not originate in the employment environment" but

10

"happen to befall the employee during the course of his employment." Id. at 291 (quoting Harwood, 25 N.J. at 84). Verasawmi's injuries are not the result of a "neutral risk" because, as the judge found, they were not sustained during the course of his employment. He was injured as a result of a risk that was personal. His injuries are not compensable.

Verasawmi also argues that his Porsche showed potential customers that "[his] company was professional and the business was successful[.]" He therefore argues that, by taking the vehicle to the dealership to have it repaired, he was conferring a "palpable benefit" upon his the employer. In support of this argument, petitioner cites Carter v. Reynolds, 175 N.J. 402 (2003). Verasawmi's reliance on Reynolds is misplaced.

In Reynolds, the Court considered whether, for purposes of imposing vicarious tort liability, an employee was acting within the scope of his employment. See id. at 412-15. The Court noted that "the 'so-called' dual purpose exceptions cover cases in which, at the time of the employee's negligence, he or she can be said to be serving an interest of the employer along with a personal interest." Id. at 414 (citing Gilborges v. Wallace, 78 N.J. 342, 351 (1978)).

11

The Reynolds Court noted that in general, an employee is not considered to be within the scope of employment when he or she is going to or coming from the place of employment. Id. at 412. The Court observed that there are exceptions to the "going and coming" rule, which are "rooted in workers' compensation law but have been engrafted onto tort law." Id. at 413-14 (citing 1 Larson's Workers' Compensation Law §§ 14.05, 15.05, 16.02 (2002)). Thus, Reynolds dealt with an employer's vicarious liability under tort-law principles. It is not a decision interpreting or applying the workers' compensation statutes.

Moreover, in Jumpp, the Court directly addressed whether an employee's injuries are compensable if sustained away from the employer's place of employment, and held that "eligibility for workers' compensation benefits generally should be based on a finding that the employee is performing his or her prescribed job duties at the time of the injury." Jumpp, 177 N.J. at 482. Here, the record supports the judge's finding that, when he was injured, Verasawmi was not performing his prescribed job duties.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION